Curia, per

Richardson, J.
Was Cohen the owner of the slave 1 or had Mrs. Rutledge again become her owner, by reason of the tender of both the slaves, made by Cohen, or of his abandonment of Bella, or his recovery of damages % is the first question. If after his offer to return the slaves, Cohen had brought the action of indebitatus assumpsit, predicated upon a supposed legal right to rescind the purchase, and had recovered the money paid to Mrs. Rutledge, as so much money transferred to her, the consideration of which had totally failed, and thus, the reason of the offer to rescind, had become verified by a verdict, there might- then, perhaps; be strength in the argument, that Mrs. Rutledge had again become the legal owner of the slaves. See 1 Leigh’s N. P. 1504 ; 2 M’Cord, 75, 432 ; N. and M’Cord, 432.
But such an action, bottomed upon the vendor’s right to rescind, after the tender, was substituted by the action upon the covenant itself.
This action presupposes an existing and binding contract, under seal, and is brought upon it; Leigh’s N. P. 557.
If the contract had been rescinded by the parties, there could be no such action, i. e. there could be no allegation that it had been kept by the plaintiff and broken by the defendant. Such allegation could not be predicated of a non-existing contract. The very action, then, assumes Cohen to be the owner, and goes for damages, because he had been made the owner of such a slave.
Accordingly, the verdict found damages, and left Cohen as his action assumed, i. e. innocent of any breach of the covenant, and still owner of the slaves.
*416 There can be no doubt upon this first question of the case ; nor is the argument improved by a second offer to give up the slaves. The purchaser cannot rescind a sale, Chitty’s Con. 443, (fee. (fee. by his individual act alone. He cannot resell in invitum, in this way ; altho’, as before intimated, his offer may, very possibly, form the predicate of a legal rescisión by the proper tribunal, after the facts assumed to justify the desired rescisión shall have been verified by a jury.
Mr. Cohen, therefore, in the case before us stands as the owner of the slave Bella, with both the rights and responsibilities of a master, according to the laws of the State.
The second question then follows. Is he liable to the plaintiffs for her support and maintenance, under all the circumstances of the case 1 He had abandoned her as far as an owner could abandon his slave. But he had not, as he seems to have supposed, provided another owner. In this he was mistaken, which shields him from the charge of inhumanity; he supposed Mrs. Rutledge the owner; but Mr. Cohen is clearly liable for her support and maintenance.
This point was settled by a unanimous decision, in the case of Fairchild vs. Bell, 2 Brevard, 120, in the Constitutional Court, in 1807. In that case, the defendant had driven off the slave, and had forbidden the plaintiff to receive or assist her. The dissent of the owner to the maintenance of his unfortunate slave by the plaintiff, was full and express, yet it was unanimously adjudged that Dr. Fairchild’s action was well brought, notwithstanding such dissent, for medicine, and attendance, and sustenance, during illness.
Judge Wilds, in his charge, said, “as the master is bound by the most solemn obligation, to protect his slave from suffering, he is bound, by the same obligation, to defray the expenses of another, to preserve the life of his slave, or the slave from pain, and danger,” (fee. “In a case so circumstanced,” he concludes, “the law will imply a contract, from the reason, justice, and necessity of the case.”
The second point in the charge of the presiding Judge is, then, entirely affirmed by the former unanimous decision in Fairchild vs. Bell. Mr. Cohen, being the owner, is liable *417 therefor, notwithstanding his abandonment of his slave, his repudiation of ownership, and his notice to the plaintiffs. But the case of Fairchild vs. Bell goes further, and clears up the only doubt in the mind of the presiding Judge upon the strict law of the extent of the recovery against Cohen. I held the law to be, that he was liable to the plaintiffs on the implied contract to maintain his slave after the abandonment. But only up to the time when he gave express notice to the plaintiffs that he would not be further liable, after which the mere legal implication of a contract, it was supposed, could not be recognized by the court. But, I am satisfied that both the authority and reasoning of that case, render the defendant liable, even after such notice.
And as the jury was restricted, in this particular, to the time of the notice of Mr. Cohen, and as he must be held further liable, as well after as before the notice, for her reasonable support, to be assessed by ajury, under attending circumstances, a new trial is unanimously ordered.
O’Neall, Evans, Butler, Wardlaw and Frost, JJ, concurred.